(Lucas County Court of Common Pleas.)

ANNIE COLDHAM v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY.

---

1. *Right to recover where there is unreasonable delay in giving notice of death.*—In an action on a policy of insurance against accidental injuries resulting in death, the following facts were shown by the pleadings: The policy provided that the insurance company shall have immediate written notice with full particulars of any accident, and that unless affirmative proof of death be furnished within seven months and legal proceedings, if any, for recovery under the policy be begun within one year from the time of the accident, all claims based thereon shall be forfeited to the company. While the policy was in force, the insured fell upon an icy sidewalk, and two days thereafter died from the effects of the fall. Immediately after the accident the plaintiff, who was the beneficiary under the policy, made every effort in her power to find the person or persons who witnessed the accident, but without success, and notwithstanding the utmost diligence on her part did not know that the fall was accidental until thirteen months after the accident, when she immediately gave written notice to the company with full par-

ticulars of the accident and cause of death. The company acknowledged by letter the receipt of the notice, and therein denied all liability under the policy, for the reason that the time for making any claim on account of the accident was past, and informed the plaintiff that it would be useless and unnecessary for her to make formal proof of the accident and death. Formal proof of the accident and death was not made nor furnished to the company, and this action against the company was begun thirteen months and seventeen days after the accident. No notice of the accident was given to the company other than the one above mentioned.

Held: That the action could not be maintained, and that a motion for judgment on the pleadings in favor of the defendant should be granted.

(Decided December 22, 1894.)

PUGSLEY, J.

This case is before the court upon a motion by the defendant for a judgment in its favor upon the pleadings; the pleadings consisting of the amended petition of the plaintiff and the answer thereto of the defendant.

The action was begun on the 18th day of February, 1893, and is upon an accident policy of insurance for $5,000, issued by the defendant on August 18, 1891, to James Coldham, in which policy the plaintiff was named as the beneficiary. Thereby the defendant insured the said James Coldham for the term of one year against violent and accidental injuries which should cause death within ninety days from the time of the happening of such accident. It is alleged in the petition that upon the 5th day of January, 1892, said James Coldham slipped and fell upon an icy sidewalk in this city, and that two days afterwards, namely: upon the 7th of January, 1892, he died from the effects of said fall. It is further alleged in the petition as follows:

"Plaintiff further says that immediately after the accident every endeavor was made on her part to find out how and in what manner the deceased met with the injury. Every effort was made by her to find the person or persons who saw or witnessed the said accident, but without success; and not until the 6th day of February, 1893, after the exercise of the utmost diligence on her part, was anybody found who saw the accident. Immediate notice was then given to the defendant's local agent, and also to the general agent of said company at Cleveland, Ohio. That the said defendant, by its agent, on receiving the aforesaid notice and particulars of the accident which resulted in the death of the said James Coldham, acknowledged by letter the receipt of said notice, and therein declared the invalidity of the plaintiff's claim, and denied all liability under said policy of insurance, for the reason that the time for making any claim on account of said accident which caused the death of the deceased was past, and informed the plaintiff that it would be useless and unnecessary for her, under the circumstances, to make the formal proof of the accident and death.

"Plaintiff, relying upon this waiver of proof of the fact of the acciden and death of the insured on the part of the company, did not make the usual proof of the accident and death of the deceased.

"Plaintiff further says that it was impossible for her, under the circumstances, to notify the defendant, immediately upon the death of the deceased, of the accident, and to furnish the required proof within the time prescribed by the terms of said contract of insurance, for the reason already given, namely: that she could not find or hear of anyone who saw the manner in which the deceased met with the injury which caused his death; but just as soon as plaintiff had knowledge that the death of the said James Coldham resulted from accidental injuries, and she was in possession of the necessary facts to give the required notice, she then con-

formed with the terms of said policy of insurance, and gave the immediate written notice to the company, with full particulars of the accident and cause of death, and was willing and ready to furnish the proofs thereof, under the terms of said contract of insurance, when the company informed the plaintiff that it would be unnecessary for her to furnish and submit proofs, as the defendant disputed the validity of her claim under said contract of insurance as aforesaid.''

The answer of the defendant to the amended petition contains two defenses. In the first defense, after admitting that it is a corporation and that the policy was issued as alleged, the defendant denies each and every other allegation of the petition.

The second defense is as follows:

"The defendant, for a second defense to plaintiff's amended petition, says, that in and by the express terms and conditions of said policy of insurance, it was mutually agreed between said James Coldham and said defendant, that the said defendant should have immediate written notice, with full particulars of any accident, and that the medical adviser of said company should be allowed to examine the person or body of the insured in respect to any alleged injury, cause of death, or loss of sight or limb, as often as said medical adviser might require. It was and is further provided in said policy that unless affirmative proof of death, loss of sight or limb or duration of disability be furnished within seven months, and legal proceedings, if any, for recovery under said policy is begun within one year from the time of said accident, all claims based on said policy should be forfeited to said company.''

No reply was filed to this second defense.

For the purposes of this motion the allegations of fact contained in the petition are to be taken as true; and giving to these allegations the fullest force and effect that can be claimed for them, it appears that on the 5th day of January, 1892, while the policy was in force, the deceased fell upon an icy sidewalk, and two days thereafter died from the effects of the fall; that immediately after the accident the plaintiff made every effort in her power to find the person or persons who witnessed the accident, but without success; and that notwithstanding the utmost diligence on her part she did not know that the fall was an accident or the result of an accident until the 6th day of February, 1893, a period of thirteen months and one day after the accident; that she thereafter immediately gave written notice to the defendant, with full particulars of the accident and cause of death; that the defendant acknowledged by letter the receipt of such notice, and therein denied all liability under the policy, for the reason that the time for making any claim on account of said accident was past, and informed the plaintiff that it would be useless and unnecessary for her to give formal proof of the accident and death. Formal proof of the accident and death was not made nor furnished to the defendant, and this action was begun thirteen months and seventeen days after the accident.

It appears from the allegations of the second defense of the answer, which are not denied, that by the terms of the policy it was agreed that the defendant should have immediate written notice, with full particulars, of any accident; that the medical adviser of the defendant should be allowed to examine the person or body of the insured in respect to any alleged injury or cause of death as often as he might require; and that unless affirmative proof of death be furnished within seven months and legal proceedings, if any, for recovery under said policy, be begun within one year from the time of said accident, all claims based on said policy should be forfeited to said company. These allegations of the answer are in strict

accord with the condition in the policy, a copy of which is attached to the original petition. That is No. 3, and reads as follows, or so much of it as it is necessary to read:

"The insured agrees to use due diligence for personal safety and protection, and that the company shall have immediate written notice, with full particulars, of any accident, and to allow the medical adviser of the company to examine the person or body of the insured in respect to alleged injury, cause of death, or loss of sight or limb, as often as he may require. Unless affirmative proof of death, loss of sight or limb, or duration of disability be furnished within seven months, and legal proceedings, if any, for recovery hereunder is begun within one year from the time of such accident, all claims based thereon shall be forfeited to the company."

The question to be determined is, whether, upon these facts, this action can be maitained. It is claimed in behalf of the plaintiff—

1. That the condition of the policy requiring immediate written notice of the accident to be given to the company was performed by giving such written notice as soon as the plaintiff, by the exercise of due diligence, under the circumstances alleged, discovered or knew that the death was the result of an accident.

2. That the condition of the policy requiring affirmative proof of the death to be furnished within seven months from the time of the accident was waived by the company in writing a letter thirteen months after the accident, in which the company denied all liability, for the reason that the time for making any claim under the policy was past, and in which the company informed the plaintiff that it would be useless and unnecessary for her, under the circumstances, to make formal proof of the accident and death. And—

3. That the cause of action on the policy did not accrue to the plaintiff until the written notice was given in February, 1893, and that the year from the time of the accident, within which the policy provides that the action must be brought, did not begin to run until such written notice was given.

Each of these propositions must be sustained in order to entitle the plaintiff to recover.

As to the first claim, it is quite generally held that where immediate notice is required to be given, or notice forthwith, these words, "immediate" and "forthwith," are not to be construed literally, but they are construed to mean, in such time as, under all the circumstances of the case, is reasonable; and that ordinarily, what is a reasonable time is a question of fact for the jury, unless, upon the undisputed facts, the delay has been so great that the court can rule upon it as a matter of law. In a case where the fact of death was known to the beneficiary at the time it occurred, and there was a delay of thirteen months in notifying the insurer, which was beyond the time when, by the terms of the policy, proof of death was required to be given, and also beyond the time when, by the terms of the policy, an action thereon could be brought, I think, as a matter of law, that such a notice is not, under the circumstances alleged, a compliance with the condition requiring immediate notice. The plaintiff knew the fact of the death at the time it occurred. She knew of the fall upon the street, which occurred two days before. The only thing she did not know, was, whether such fall resulted from an accident. Nothing was said or done by the insurance company to mislead the plaintiff or to induce delay, or to prevent her from ascertaining the facts, or to waive notice. In fact, the company had no information in relation to the fall or death, and knew nothing about either. If the plaintiff had communicated

to the company what she did know, and even only the bare possibility that the fall might have been the result of an accident, the company could have examined into the facts by its medical adviser, as provided in the policy. Of this privilege it was deprived by the delay in giving the notice. No fault of any kind can be imputed to the company to excuse the delay. The plaintiff alleges that immediately after the accident she began to make efforts to find the persons who witnessed it. There was nothing to prevent her from communicating that fact to the company. If she only surmised that it was an accident, she was in fault in not communicating such surmise to the company. And if she was making the efforts alleged, not for the purpose of discovering whether or not the injury was accidental, but for some other purpose not disclosed, and if she discovered the fact of the accident, merely by accident, then it cannot be said that the notice was in a reasonable time. Otherwise, there is no limit to the time, and a notice given at any time, no matter how many years after the accident, would be in a reasonable time. No case is cited which tends to sustain this part of the plaintiff's contention. The case which is nearest to it, and which is principally relied upon is Trippe v. The Provident Fund Society, 23 N. Y. Sup. 173. This was a case decided by the general term of the New York Supreme Court, and afterwards affirmed by the court of appeals of that state. The policy in that case provided that notice of an accident or of an accidental injury must be given within ten days. The insured was killed by the fall of a building in what is known as the Park Place disaster in the city of New York. No one knew that the insured was in the building, or that he perished in the accident, until three days after the building fell, when his body was discovered. Eight days later a notice of death was given to the company. This was held to be in time, although it was eleven days after the building fell. There was another condition in the policy, which was that the insurance did not cover an injury of which there is no visible mark on the body of the insured. There were visible marks on the body when it was found, but until that time these marks had been invisible. The court, construing the two conditions together, were of opinion that it was impossible for anyone to take any action respecting the injury, or to serve notice, until recovery of the body; and therefore held that a notice within ten days from that time was sufficient. That case is clearly distinguishable from the case at bar. In this case, the fact of the death and the fact that two days before the death the deceased fell upon the street were known to the plaintiff at the time, and could have been communicated to the company at once. In addition to this, the delay in giving notice was over a year instead of one day, as in the case cited. And the delay was beyond the time when, by the terms of the policy, any claim thereon could be asserted. It seems to me that in agreeing absolutely that proof of death must be made within seven months after the accident, and that action on the policy must be brought within one year after the accident, the parties have necessarily fixed the time beyond which the written notice cannot be given, unless the delay is caused by the conduct of the defendant, or unless the defendant has in some manner waived the failure to give the notice, or, at most unless some extraordinary or unusual fact or circumstance is shown excusing the delay; and none of these things are shown in this case.

If the plaintiff's first contention is not sustained, it is not necessary to consider either of the other two questions. But conceding that the notice was in time, the next question is, whether there was a waiver by the company of the proof of death. No proof was furnished as required by the policy, and therefore the action cannot be maintained, unless there was a waiver. This question may be considered in two aspects: First,

under the view that the proof could be furnished at any time within seven months after the notice was given; and second, under the view that it could be furnished only within seven months after the accident, as the policy reads. Waiver is claimed to arise solely from the fact that in February, 1893, on receipt of notice of the accident, the defendant wrote a letter denying all liability under the policy, for the reason that the time for making any claim on account of the accident was passed. The case is not within the rule nor the reason of the rule that a refusal to pay on the ground that there is no liability is a waiver. That rule does not cover a case where the refusal to pay is put upon the ground that no proofs have been filed, and that the time for filing proofs is past. In such a case, the insured understands that the failure to file the proofs will be insisted upon, and hence there is no waiver. It is only when the insurer refuses to pay without assigning reasons, or when the refusal to pay is put distinctly upon some ground other than the failure to furnish proof, that there is a waiver. If the insurer had said, "We will not pay your claim, because you have furnished no proofs, and the time for furnishing proofs has expired," no one would contend that there was a waiver; and yet, in view of the knowledge and situation of the defendant and of the terms of the policy, this is in effect what was said. The terms of the policy were known to both parties. Both knew and understood that proof of death must be furnished in seven months after the accident, and if not, that the claim was forfeited to the company. That time had expired. The defendant had no reason to believe otherwise than that the time for making a claim under the policy had passed, and it so informed the plaintiff. The plaintiff had this distinct information, that it would be insisted upon that the time had passed for making any claim under the policy. If the plaintiff believed that she still had time to furnish the proof, it was her duty to furnish it. The fact, if it is a fact, that she had the time, does not affect the question of a waiver. She had no reason to infer that the failure to file proof would not be insisted upon, but was informed that it was not necessary to make proof, because, in the judgment of the company, the time for making it had passed; and not because the company was, for some other reason, not liable.

But if the policy is to be construed as requiring that the proof be furnished in seven months after the accident, then the letter of the company in February, 1893, constitutes no waiver, for the additional reason that the time for filing the proof had expired. There are cases which hold that the failure to file the proof in time may be waived after the time for filing it has expired, but they are cases in which the proof was received by the company after the time and retained for a longer or shorter period, without objection, or where the company has in some manner acted upon the proof as if it had been received in time. I have made diligent search, and while the decisions are not altogether in harmony, I am unable to find a case holding that a mere denial of all liability, even without giving reasons, after the expiration of the time for filing proof, is a waiver of the failure to file the proof in time. In the case cited by plaintiff—and principally relied upon—Knickerbocker Insurance Company v. Pendleton, 112 U. S. 696, the letter of the company constituting the waiver was written before the time for filing the proof had expired. The death occurred on March 26, and the letter was written seven days after. To constitute a waiver, the acts or conduct of the company must be such as to indicate an intention not to insist upon a performance of the condition. In this case the letter of the company indicated intention to insist that the time for making the proof under the policy had passed; hence, there was no waiver. I cite a few cases: Patrick v. Ins. Co., 43 N. H. 621; Blossom v. Ins. Co.,

64 N. Y. 162; Trask v. Ins. Co., 29 Pa. St. 198; Beatty v. Ins. Co., 66 Pa. St. 17; Kurkman v. Ins. Co., 57 N. W. R. (Iowa) 952.

As to the third question, very little need be said. By the policy, suit was expressly required to be brought within one year from the time of the accident. This suit was not brought for more than thirteen months after the accident. There is a conflict among the authorities as to the proper construction of the condition limiting the time for bringing suit upon the policy. Some hold that the time begins to run from the date of the fire or the accident; others, that it begins to run from the time when proof is accepted; others still, from the time when the amount of the loss is due and payable. It will serve no useful purpose to review these various authorities. The conflict, or apparent conflict, has arisen in a great measure from the difference in the language of the condition in the policy. So far as there has been any expression of opinion in this state, it sustains the first view. Ins. Co. v. West, 6 Ohio St. 600; Ins. Co. v. Schwan, 1 C. C. R. 192. In the latter case, the policy provided that the suit must be brought within twelve months from the time of the loss. It was held that suit cannot be maintained unless brought within twelve months from the time of the fire. Some of the numerous authorities upon the one side and the other are cited in the opinion in that case. In this connection I will refer to the recent decision of the circuit court of this circuit, rendered in April last, in the case of this same plaintiff against the American Casualty Insurance and Security Co., which was also an action upon a policy of accident insurance issued to James Coldham in behalf of the plaintiff. It is not claimed by counsel upon either side that this decision applies to the facts of this case; but I desire to refer to it, in view of some of the remarks that are made in the court's opinion. The condition of the policy in that case as to notice and proof of death, and time to begin the action, is entirely different from the condition of the policy in this case. I will read the condition of the policy in that case as it appears in the opinion:

5. "Immediate written notice of accident must be given to the general managers at New York City; affirmative proof of loss must be furnished as soon as the nature and extent of the same can be determined; and any legal proceeding for recovery must be commenced within six months in case of death, or of loss of sight or of limbs, and in case of weekly indemnity within three months after the disability ceases, and not later than fifteen months after the occurrence of the accident on account of which the claim arises."

It thus appears that no definite time was fixed, as in the case at bar, within which proof of loss must be furnished. It is to be "furnished as soon as the nature and extent of the same can be determined;" that is, as soon as the nature and extent of the accident or loss can be determined. Also, by that condition, suit must be commenced in six months, in case of death. It is not stated when the time—the six months—begin to run; but in as much as by the last clause, there may be cases in which the suit may be begun fifteen months after the accident, and as by the terms of the policy no recovery can be had for any death, unless it occurs in ninety days after the accident, it follows that the six months must begin at the time of making the proof. The allegations of the petition in that case as to the accident and death and the notice are substantially the same as in this case; but in the matter of the proof of death the allegation is simply that at the time of giving the notice a demand was made upon the company for the necessary blanks, in order to make proof of death, which blanks were refused. The court expressed no opinion as to the notice, but held that the refusal to furnish blanks was not a waiver of the proof, and that therefore the action cannot be maintained; and the judgment of the

lower court, sustaining the demurrer to the petition, was affirmed. I will now read a brief extract from the opinion:

"Now, it was in the power of plaintiff to have made up these proofs as required by the terms of the policy, upon the refusal of the company to furnish the blanks; and it appears to us, after a very full and careful investigation of the case and of the authorities bearing upon it, that this should have been done before any liabilty could be fixed upon the company. Upon the refusal of the company to furnish her blanks, the plaintiff should have gone forward and made such proofs as it was in her power to make of the death by accident, of the loss, and furnished them to the company. And then, if that had been done, would have arisen the question presented by an additional clause in the same (fifth) condition, viz: "Any legal proceedings for recovery must be commenced within six months, in case of death." Of course, the plaintiff could not bring her suit. There would be no liability on the part of the company until the proofs of loss had been made, or their production waived by the company. If this proof had been made, or the refusal of the company had been upon such condition or under such terms as amounted to a waiver of the proof of loss, as was held in the case in New York, then, if the liability existed. the plaintiff would have had had six months from that date within which to have brought her action, as we understand this policy."

By reason of the radical difference in the language of the two conditions already referred to, these remarks of the court as to the time of beginning the action cannot appy to this case. In this case, the policy provides that unless suit for recovery is begun within one year from the time of the accident, all claims based thereon shall be forfeited to the company. The language could not be more explicit. There being no waiver on the part of the company nor estoppel against it, especially in view of the Ohio decisions, I think that the limitation is a good defense to an action on the policy.

For these reasons the motion is granted, and judgment is rendered for the defendant upon the pleadings.

Plaintiff excepted.

A. H. Coldham and Hurd, Brumback & Thatcher, for plaintiff.

Doyle, Scott & Lewis, for defendant.

(Affirmed by Circuit Court, Oct. 5, 1895.)